UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| MELANIE PATRICIA DAYS, | ) | Case No. 11-50592-399 |
| | ) | Chief Judge Kathy A. Surratt-States |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| THE KEEFE LAW FIRM, | ) | **Adversary No. 15-4123-659** |
| | ) | |
| | ) | **PUBLISHED** |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| MELANIE PATRICIA DAYS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is the Complaint Objecting to Discharge of Debts and Debtor's Response and Answer to Complaint to Determine Dischargeability of Debt. A trial was held on September 8, 2015, at which Plaintiff, The Keefe Law Firm, LLC appeared by counsel and Debtor appeared in person and by counsel. Testimony and arguments were presented, exhibits were admitted and the matter was taken under submission. Upon a consideration of the record as a whole, the Court rules as follows.

## FINDINGS OF FACT

Debtor Melanie Patricia Days (hereinafter "Debtor") filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on October 4, 2011. On March 27, 2012, Debtor hired Plaintiff, The Keefe Law Firm, LLC (hereinafter "Keefe Law") to represent Debtor with respect to a claim for storm damage and defective repair work against Debtor's home insurance company and home repair contractor, respectively, in the Circuit Court of St. Louis County, Missouri (hereinafter "State Court Case"). At that time, Debtor was employed by Laclede Gas Company.

Debtor agreed to pay Keefe Law on a hourly basis which ranged from $75.00 per hour for paralegal services to $250.00 per hour for representation by an attorney. *See* Ex. 1, ¶ 3. Debtor was never asked, nor did Debtor produce any information or documentation to Keefe Law concerning her financial condition prior to engaging Keefe Law to provide legal services. Debtor did not inform Keefe Law that she commenced her Chapter 13 case, or that her Chapter 13 case was still pending. Debtor did not seek approval from the Bankruptcy Court to employ Keefe Law.

Throughout the course of Keefe Law's representation of Debtor, Debtor at times overpaid her invoices, at times timely paid her invoices, at times paid her invoices slowly, and as evident by this matter, did not pay her invoices. *See* Exs. 3 and 4. Debtor expressed an intent to pay the unpaid invoices on several occasions. *See* Ex. 3. Debtor testified that it was her intention to withdraw funds from her 401k to pay Keefe Law for its legal services, however, Laclede Gas Company changed its policy with regards to 401k withdrawals which prevented her from doing so.

Debtor testified that she began to experience health issues which caused Debtor's income to decrease. Ultimately, Debtor retired from her employment at Laclede Gas Company.

Keefe Law sent several demand letters, and warned Debtor by both letter and electronic mail that without payment, Keefe Law would be unable to continue representing her in the State Court Case. *See* Ex. 3. Ultimately, Keefe Law withdrew as counsel for Debtor in the State Court Case, and the State Court Case was dismissed with prejudice for Debtor's failure to comply with discovery.

Debtor paid $5,252.40 to Keefe Law between June 13, 2012 and December 16, 2013. *See* Ex. 5. Debtor's outstanding balance with Keefe Law is $14,310.56. *See* Ex. 6.

Debtor's Chapter 13 case was converted to a case under Chapter 7 of the Bankruptcy Code on March 25, 2015. Keefe Law did not file a proof of claim in Debtor's Chapter 7 case. The duly appointed Chapter 7 Trustee, Kristin J. Conwell, entered her report of no distribution on June 8, 2015. Keefe Law filed this adversary proceeding on July 2, 2105, seeking to have its debt declared

nondischargeable. The Order of Discharge was entered on July 7, 2015.

Keefe Law states that it obtained a default judgment against Debtor in the Circuit Court of St. Louis County, Missouri, in the amount of $15,163.57, which includes prejudgment interest, for the unpaid balance for Keefe Law's legal services provided to Debtor.[1]  Debtor testified that she did not oppose Keefe Law's action against her because she did not have a defense and believed Keefe Law was entitled to judgment in its favor.  Keefe Law executed a garnishment on Debtor's wages at which time Keefe Law learned of Debtor's bankruptcy case.

Keefe Law now seeks a determination that the outstanding balance should be excepted from discharge under a theory that Debtor falsely stated that she could pay Keefe Law for its legal services, and, had Debtor disclosed that she was a debtor in a pending Chapter 13 case, Keefe Law would not have represented Debtor in the State Court Case.  Therefore, Keefe Law argues that it is entitled to except this debt from discharge as a debt obtained by false pretenses, a false representation or actual fraud.  Keefe Law also alleges that Debtor's actions were willful and malicious.

Debtor argues that at all times, she did not consider her engagement of Keefe Law as being an act to incur debt, for which Bankruptcy Court approval would have been required. Debtor further argues that she was never asked to provide any information concerning her financial condition when Keefe Law was engaged to represent her in the State Court Case, but at all relevant times, she intended, and believed she could, pay Keefe Law for its legal services.  Finally, Debtor argues that precedent dealing with Section 523(a)(2)(A) and (a)(6) prevents a judgment by this Court in favor of Keefe Law.

---

[1] The Court does not deem a discussion about Section 362(a) to be necessary.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2015) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (I) (2015). Venue is proper in this District under 28 U.S.C. § 1409(a) (2015).

### CONCLUSIONS OF LAW

The Court must determine whether the outstanding balance for legal services rendered post-petition but pre-conversion on behalf of Debtor by Keefe Law should be excepted from discharge under Section 523(a)(2)(A) or (a)(6).[2]

Section 348(d) states that "[a] claim against the estate ... that arises after the order for relief but before conversion in a case that is converted under ... section 1307 of this title ... shall be treated for all purposes as if such claim had arisen immediately before the date of filing of the petition." 11 U.S.C. § 348(d) (2015). A creditor need not file a proof of claim in a no-asset Chapter 7 case. *See* Fed. R. Bankr. P. 2002(e) (2015); *see also* Fed. R. Bankr. P. 3002(c)(5). As such, claims that arise before a bankruptcy case is converted but after the case is commenced are treated as prepetition claims. *In re Toms,* 229 B.R. 646, 652 (Bankr. E.D. Pa. 1999) (citations omitted); *cf. In re Fickling,* 361 F.3d 172, 174 (2d Cir. 2004) (discussing Section 727 and that the order for relief in a case commenced under Chapter 7 of the Bankruptcy Code, pursuant to Section 301, is entered on the date of filing). Section 348(f)(2) states that "[i]f the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date

---

[2] It appears as though Keefe Law also seeks to proceed under Section 523(a)(2)(B), which would deem nondischargeable a debt obtained by use of a materially false statement in writing respecting the debtor's financial condition on which the creditor reasonably relied, however, because no statement in writing concerning Debtor's financial condition was presented by Debtor to Keefe Law, Section 523(a)(2)(B) is entirely inapplicable and will therefore not be discussed. *See* 11 U.S.C. § 523(a)(2)(B) (2015).

of conversion." 11 U.S.C. § 348(f)(2) (2015).

Section 727(b) states:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

11 U.S.C. § 727(b) (2015). "Thus, when a bankruptcy case is converted to chapter 7 from chapters 11, 12 or 13, section 727(b) renders dischargeable all debts which arose before the date of conversion, unless those debts are made non-dischargeable by section 523(a)." *In re Toms,* 229 B.R. at 653 (citing *Matter of Pavlovich,* 952 F.2d 114, 117 (5th Cir. 1992)).

Under Section 523(a)(2)(A), a debtor cannot obtain a discharge from any debt "for money, property, services…to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (2015). To prevail under Section 523(a)(2)(A), a creditor must prove the following elements by a preponderance of the evidence:

> 1. The debtor made a representation.
> 2. The debtor knew the representation was false at the time it was made.
> 3. The representation was deliberately made for the purpose of deceiving the creditor.
> 4. The creditor justifiably relied on the representation.
> 5. The creditor sustained the alleged loss as the proximate result of the representation having been made.

*In re Maurer*, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000); *Grogan v. Garner,* 498 U.S. 279, 281, 111 S.Ct. 654, 655, 112 L.Ed.2d 755 (1991).

"For a representation to rise to the level of fraud for purposes of § 523(a)(2)(A), it must be false when made." *In re Doody,* 504 B.R. 527, 538 (D. Minn. 2014) (citation omitted). A false

statement under Section 523(a)(2)(A) must be made with the intent to deliberately and intentionally deceive the creditor. *In re Blair,* 324 B.R. 725, 729 (Bankr. W.D. Ark. 2005). "A debtor's silence as to a material fact can constitute a false representation under § 523(a)(2)(A)." *In re Juve,* 761 F.3d 847, 851 (8th Cir. 2014) (citing *Matter of Van Horne,* 823 F.2d 1285, 1288 (8th Cir.1987), *abrogated on other grounds* by *Grogan*, 498 U.S. 279, 111 S.Ct. 654)).

Whether a creditor justifiably relies on a representation depends on the "qualities and characteristics of the particular [creditor], and the circumstances of the particular case." *Field v. Mans,* 516 U.S. 59, 71, 116 S.Ct. 437, 444, 133 L.Ed.2d 351 (1995) (discussing § 540 of the Restatement (Second) of Torts (1976) and stating that a creditor's reliance on a false statement is justifiable even when the creditor might have ascertained the falsity of the representation had the creditor investigated).

Debts arising from willful and malicious injury by a debtor are excepted from discharge under Section 523(a)(6). 11 U.S.C. § 523(a)(6) (2015). "The bankruptcy court's determination of whether a party acted willfully and maliciously inherently involves inquiry into and finding of intent, which is a question of fact." *In re Fors,* 259 B.R. 131, 135 (B.A.P. 8th Cir. 2001) (citing *In re Waugh,* 95 F.3d 706, 710 (8th Cir. 1996)). Willfulness and maliciousness are two distinct elements of Section 523(a)(6). *In re Patch*, 526 F.3d 1176, 1180 (8th Cir. 2008) (citing *In re Scarborough,* 171 F.3d 638, 641(8th Cir. 1999), *cert. denied,* 528 U.S. 931, 120 S.Ct. 330, 145 L.Ed.2d 258 (1999)). The Eighth Circuit Court of Appeals has set a high bar for certainty of harm regarding willful and maliciousness for the purposes of Section 523(a)(6). *In re Adams*, 349 B.R. 199, 203 (Bankr. W.D. Mo. 2006) (citing *In re Hartley,* 869 F.2d 394 (8th Cir. 1989) (citations omitted)).

To prove willfulness, the creditor must show by a preponderance of the evidence that debtor intended the injury, not just a deliberate or intentional act leading to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998); *Grogan,* 498 U.S. at 280, 111 S.Ct. at 655. "If the debtor knows that the consequences are certain, or substantially certain, to result

from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences." *In re Patch,* 526 F.3d at 1180. "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau*, 523 U.S. at 61, 118 S.Ct. at 977 (emphasis in original). Debts arising from recklessly or negligently inflicted injuries do not fall within the compass of Section 523(a)(6). *Id.* at 64, 118 S.Ct. at 978.

To prove malice, the creditor must prove debtor's conduct was specifically targeted at the creditor and was certain or almost certain to cause financial harm. *In re Madsen,* 195 F.3d 988, 989 (8th Cir. 1999) (citing *In re Long,* 774 F.2d at 881); *In re McCune,* 85 B.R. 834, 836 (Bankr. W.D. Mo. 1988). "A wrongful act is malicious if . . . there exists a 'knowing wrongfulness or knowing disregard for the rights of another.'" *In re Fors,* 259 B.R. at 137 (citing *In re Roehrich,* 169 B.R. 941, 945 (Bankr. D.N.D. 1994)). "An act may be found to be malicious even in the absence of a specific, subjective intent to injure." *Id.* The conduct must "be more culpable than that which is in reckless disregard of creditors' economic interests and expectancies, as distinguished from mere legal rights. Moreover, knowledge that legal rights are being violated is insufficient to establish malice, absent some additional 'aggravated circumstances'...." *In re Mulder,* 306 B.R. 265, 270 (Bankr. N.D. Iowa 2004) (citation omitted).

At the outset, there is no doubt that the outstanding balance due to Keefe Law is a post-petition, pre-conversion debt that is subject to discharge pursuant to the order for relief granted to Debtor under Section 727(a). There is no allegation made by Keefe Law, or any other creditor, that Debtor's conversion is made in bad faith, as such, the only way that Keefe Law can avoid discharge of the outstanding balance due is through Section 523(a).

Keefe Law argues that had it been informed that Debtor had a pending Chapter 13 case, it would not have represented Debtor in the State Court Case. As such, Keefe Law argues that Debtor's failure to inform Keefe Law of her bankruptcy filing was a false statement by omission, and

that Debtor deliberately and intentionally refrained from informing Keefe Law of her pending bankruptcy in order to induce the same to represent her in the State Court Case. Further, Keefe Law argues that Debtor's statement that she could pay for Keefe Law's legal services was false and fraudulent.

There is no dispute that Debtor did not inform Keefe Law of her pending Chapter 13 case, however, there is no basis for this Court to conclude that Debtor had an affirmative duty to Keefe Law to volunteer this information.[3] Further, there is no basis to conclude that Debtor deliberately chose not to inform Keefe Law of her bankruptcy petition with the intent of inducing Keefe Law's representation, and later converting her case to Chapter 7, where any outstanding balance would be dischargeable. Keefe Law does not request financial information from its potential clients, and Keefe Law does not allege that it asked and Debtor denied that she had a pending case before the Bankruptcy Court. And, the fact that Debtor had a pending Chapter 13 case does not necessarily mean that Debtor was incapable of paying Keefe Law for legal services.

The record indicates that it was Debtor's intention to pay Keefe Law at the time Keefe Law was engaged. Debtor's actions and numerous communications with Keefe Law indicate that she intended to pay Keefe Law for its services, but due to her declined health and other circumstances, to the inclusion of her retirement and her inability to access funds in her 401k, Debtor was unable to pay Keefe Law. Debtor repeatedly expressed this intent, and Debtor paid Keefe Law $5,252.40 between June 13, 2012 and December 16, 2013. These actions are not consistent with someone who had no intent to pay, and as such, the Court cannot conclude that Debtor made a false statement in that Debtor had no intent to pay Keefe Law at the time its services were engaged, nor can the Court conclude that Debtor had an intent to deceive or defraud Keefe Law. Based on the foregoing, Keefe Law has not proven by a preponderance of the evidence that the outstanding

---

[3] Debtor's duties to this Court regarding the same is beyond the scope of the matter presently before the Court.

-8-

balance should be excepted from discharge under Section 523(a)(2)(A).

Likewise, on substantially the same reasoning, Debtor's actions were not willful or malicious. Debtor's actions do not indicate that she willfully or maliciously sought to engage Keefe Law, have Keefe Law expend its resources in her State Court Case, and then seek conversion to a case under Chapter 7 whereby the outstanding balance due to Keefe Law would be discharged. Debtor did not willfully cause her change in circumstances that ultimately rendered her unable or incapable of paying the outstanding balance, nor is there any indication that Debtor specifically sought to cause financial harm to Keefe Law. As such, Debtor's actions towards Keefe Law were not malicious. Keefe Law has not proven by a preponderance of the evidence, or any evidence that the outstanding balance should be excepted from discharge under Section 523(a)(6). Accordingly, a judgment consistent with the foregoing will be entered separately in this matter.

/s/ Kathy A. Surratt-States
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: October 26, 2015
St. Louis, Missouri

Copies:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

The Keefe Law Firm
8000 Bonhomme Ave Ste 112
Suite 112
St Louis, MO 63105

Martin K. Lundkvist
Lundkvist & Associates
317 North 11th Street, Ste. 403
St. Louis, MO 63101

Diane J Keefe
8000 Bonhomme Ave
Ste. 112
St. Louis, MO 63105

Patrick W. Keefe
The Keefe Law Firm
8000 Bonhomme Avenue
Suite 112
St. Louis, MO 63105

Melanie Patricia Days
3939 Canterbury
Saint Louis, MO 63121